UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAULA F. GUITY,

                   Plaintiff,

      -against-

UNIONDALE UNION FREE SCHOOL
DISTRICT, BOARD OF EDUCATION, DR.
WILLIAM K. LLOYD, MYRTLE E.
DICKSON, and DR. FLORENCE D.
SIMMONS,

                Defendants.
-----------------------------------------------------------X

**ORDER**
15-cv-5693 (SJF)(AKT)

**FILED
CLERK**

2:10 pm,  Mar 31  2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**FEUERSTEIN, District Judge:**

    *Pro se* Plaintiff Paula F. Guity ("Plaintiff" or "Guity") commenced this action against

Defendants Uniondale Union Free School District, Board of Education, Dr. William K. Lloyd,

Myrtle E. Dickson, and Dr. Florence D. Simmons (collectively, "Defendants"), seeking redress

for:  (i) claims of racial and ethnic discrimination, retaliation, and creation of a hostile work

environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law, N.Y. Exec. Law § 290

*et seq.*; (ii) conspiracy to interfere with her civil rights in violation of 42 U.S.C. § 1985; and (iii)

New York common law causes of action.  *See* Docket Entry ("DE") [17].  Presently before the

Court is:  (i) Magistrate Judge A. Kathleen Tomlinson's February 23, 2017 Report and

Recommendation (the "Report") recommending that Defendants' motion to dismiss Plaintiff's

Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be

granted in its entirety, DE [73]; (ii) Plaintiff's motion seeking leave to file a fourth amended

complaint, DE [54]; and (iii) Plaintiff's motion for sanctions, requesting that Defense counsel

"respect what is legally ethical and inform their client against the possible consequences of spoliation." DE [59]. For the reasons set forth herein: (i) Magistrate Judge Tomlinson's Report is adopted in its entirety and Defendants' motion to dismiss is granted; (ii) Plaintiff's motion seeking leave to file a fourth amended complaint is denied; and (iii) Plaintiff's motion for sanctions denied.

## I.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge. *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any portion of a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal," and "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). Furthermore, the Court need not review the factual findings or legal conclusions of a report and recommendation to which no proper objections are made. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Therefore, to accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district court need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004).

2

## II.    DISCUSSION

As discussed above, presently before the Court are:  (i) Magistrate Judge Tomlinson's Report recommending that Defendants' motion to dismiss Guity's Third Amended Complaint be granted in its entirety; (ii) Plaintiff's motion seeking leave to file a fourth amended complaint; and (iii) Plaintiff's motion seeking sanctions for Defendants' spoliation of evidence.  DE [54], [59], [73].  The Court addresses each motion in turn.

### A.  <u>Magistrate Judge Tomlinson's Report and Recommendation</u>

In her February 23, 2017 Report and Recommendation, Magistrate Judge Tomlinson recommends that Defendants' motion to dismiss Plaintiff's Third Amended Complaint be granted in its entirety.  *See* Report at 1-2.  On March 22, 2017, Plaintiff objected to five (5) distinct aspects of Magistrate Judge Tomlinson's Report ("Pl.'s Obj.").  DE [77].  Specifically, Guity objects to: (i) the Report's exclusion of certain procedural history as prejudicial to her ability to be given fair and impartial consideration; (ii) Magistrate Judge Tomlinson's refusal to consider a sur-reply in further opposition to Defendants' motion that was filed without leave of the Court; (iii) the presumption that "a rational explanation does not exist with reference to Plaintiff's wrongful termination as adverse employment action"; (iv) the Report's failure to incorporate Plaintiff's proposed fourth amended complaint as integral to the adjudication of her *Monell* claims against Defendants; and (v) any purported waiver of claims "as amended in her Fourth Amended Complaint and Fifth Amended Complaint."  *See* Pl.'s Obj. at 1-7.  For the reasons set forth herein, Guity's objections are overruled and Magistrate Judge Tomlinson's Report is adopted in its entirety.[1]

---

[1] The Court notes that Defendants have not yet responded to Plaintiff's objections to Magistrate Judge Tomlinson's Report, and that their time to do so has not yet expired.  *See* DE [78].  However, in light of the Court's conclusion that each of Plaintiff's objections to the Report lacks merit, and because those portions of the Report to

1.  Exclusion of Procedural History

According to Plaintiff, the Report's "usage of the sub-heading 'B. Relevant Procedural History' is objectively biased as an inference is made of the existence of procedural history deemed as irrelevant to the adjudication of this matter." Pl.'s Obj. at 1. Therefore, Plaintiff "objects to the 'spirit' of the Report and Recommendation as it excludes that some of the procedural history as irrelevant to rendering a fair and impartial decision and all inferences are not drawn in favor of the plaintiff." *Id.* at 3. However, the Court is familiar with this action's procedural background, and Magistrate Judge Tomlinson provided a clear and appropriate recitation of the relevant procedural history. *See* Report at 8-9. As Plaintiff fails to identify any legal error or factual inaccuracies, her first objection to Magistrate Judge Tomlinson's Report lacks merit, and is therefore overruled.

2.  Refusal to Consider Supplemental Filings

In the Report, Magistrate Judge Tomlinson observed that Plaintiff "neglected to comply with the Court's Rules in two respects:  (1) by filing a thirty-seven (37) page brief in opposition to Defendants' motion; and (2) by submitting a supplemental filing in opposition to Defendants' motion after the motion was fully briefed and without first seeking leave . . . ." Report at 12. Although Plaintiff "exceed[ed] the Court's page limitation in her opposition brief by twelve (12) pages," Magistrate Judge Tomlinson declined to "strike Plaintiff's memorandum entirely" because it "would lead to an overly harsh result, especially where Defendants . . . had a full and fair opportunity to respond to it accordingly in their reply papers." *Id.* at 13. However, with respect to Plaintiff's "supplemental filing which was submitted after Defendants' motion was fully briefed and filed on ECF," Magistrate Judge Tomlinson, "in the interest of fairness, decline[d] to consider

---

which Plaintiff did not object are not clearly erroneous, the Court need not await receipt of Defendants' response before considering Magistrate Judge Tomlinson's Report.

the supplemental [filing] in the first instance."  *Id.* at 14-15.  In declining to consider Plaintiff's supplemental filing, Magistrate Judge Tomlinson observed:  "(1) supplemental filings of the type made here are not generally permitted by the Federal Rules or the Local Rules; (2) Plaintiff failed to seek leave of the Court to file these supplemental documents prior to the deadline for submission of the fully-briefed motion; and (3) Defendants did not have a full and fair notice of such a filing or an opportunity to respond to the supplemental submissions."  *Id.* at 15.  In Guity's second objection to the Report, she "requests that the Court reconsider its use of discretionary authority and take into consideration the requirement to comply with substantive and procedural rule[s]."[2] Pl.'s Obj. at 4.  Plaintiff argues, *inter alia*, that the "Court's use of the word 'generally' implies that under some circumstances supplemental filings are permitted."  *Id.*

Local Civil Rule 6.1 does not contemplate the submission of a sur-reply in further opposition to a motion, and this Court's Individual Rules of Practice explicitly prohibit the submission of sur-replies.  *See* Local Civil Rule 6.1(b) (allowing for the submission of a memorandum of law, answering memorandum of law, and a reply memorandum of law); Individual Rules of Practice § 4(F) ("No rebuttal, sur-reply, etc., shall be accepted."); *see also Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) ("[A] sur-reply memorandum shall not be accepted without *prior* leave of court.") (emphasis in original). As Plaintiff did not obtain leave of the Court to file a sur-reply in further opposition to Defendants'

---

[2] Although not entirely clear, Plaintiff appears to further argue that Magistrate Judge Tomlinson's refusal to consider her supplemental filings serves "as evidence of bias against Plaintiff," and that Plaintiff's "motion for recusal or disqualification and request for a fair and impartial judgment is warranted . . . ." Pl.'s Obj. at 3.  Although the Court previously denied Plaintiff's motion for recusal, *see* DE [37], that issue is not presently before the Court, and Plaintiff may not seek to re-argue that issue in objecting to the Report and Recommendation.  *See Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("Clearly, parties are not to be afforded a 'second bit at the apple' when they file objections to a Report and Recommendation . . . .").  Therefore, to the extent that Plaintiff's objection is construed as an attempt to further litigate the issue of recusal, her objection is overruled.

motion to dismiss the Third Amended Complaint, Magistrate Judge Tomlinson appropriately declined to consider Plaintiff's improper sur-reply. *See Sachs v. Matano*, No. 15-CV-6049, 2016 WL 4179792, at *2 n.5 (E.D.N.Y. July 15, 2016) (collecting cases). Plaintiff's status as a *pro se* litigant does not relieve her of her obligation to adhere to all applicable procedural rules, and, as Magistrate Judge Tomlinson observed, "Plaintiff has come before the Court as a *pro se* litigant on a previous occasion and should be familiar with the rules of procedure applicable here." Report at 15; *see also Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (holding that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law"); *Blasi v. New York City Bd. of Educ.*, No. 00-CV-5320, 2012 WL 3307346, at *1 n.3 (E.D.N.Y. Aug. 12, 2012) (holding that the magistrate judge "fairly exercised her discretion in declining to excuse plaintiff's failure to obey those rules with which he was particularly familiar"). Therefore, Plaintiff's second objection to Magistrate Judge Tomlinson's Report is overruled.

### 3. Presumption of a Rational Explanation

Plaintiff further objects to Magistrate Judge Tomlinson's Report on the grounds that it "errs in presuming that a rational explanation does not exist with reference to Plaintiff's wrongful termination as adverse employment action." Pl.'s Obj. at 5. In describing the adverse employment actions that Plaintiff alleged in the Third Amended Complaint, Magistrate Judge Tomlinson observed that, "although Plaintiff attempts to suggest that she was terminated from her tenured teaching position on June 2, 2015, that assertion – made seven months after the TAC was filed – directly conflicts with her earlier statements made in the TAC to the effect that she exercised her

right to take an extended leave of absence from teaching." Report at 32 n.12. Magistrate Judge Tomlinson further observed that, "had Plaintiff been terminated on June 2, 2015, there is no rational explanation why this factual allegation would have been omitted from the TAC, which was signed by Plaintiff on November 2, 2015 and was filed on November 6, 2015, since she undoubtedly would have been aware of this fact at the time she drafted the TAC." *Id.* In an apparent attempt to explain this discrepancy, in her third objection to the Report, Plaintiff claims that on May 14, 2015, she informed the Assistant Superintendent of Human Resources "of her need for coverage under the ADA," but that the Assistant Superintendent "misled [her] by interfering with [her] ability to apply for benefits under the Americans with Disabilities Act by not referring plaintiff to the individual in charge of disability benefits." Pl.'s Obj. at 5. According to Plaintiff, it was not until December 19, 2015 that she "discovered through her attorneys that she was entitled to disability accommodation under the ADA and that [the Assistant Superintendent's] interference in her ability to receive disability benefits and/or an accommodation under the Act was an adverse employment action taken against the plaintiff . . . ." *Id.*

Even accepting Plaintiff's explanation as true, she neither disputes that she failed to allege in the Third Amended Complaint that she was terminated from her tenured teaching position on June 2, 2015 nor denies that "there is no rational explanation why this factual allegation would have been omitted from the TAC." Report at 32 n.12. Although far from clear, Plaintiff appears to further claim that she included these allegations in her proposed fourth amended complaint, writing, "[b]ut for the Court's having documented specific directives to the plaintiff with reference to serving and filing a Fourth Amended Complaint, plaintiff would have been able to satisfy her due diligence obligation under CPLR or FRCP rules." Pl.'s Obj. at 6. However, it is undisputed that the Third Amended Complaint is the operative pleading in this action, and it is well established

that "allegations added in opposition to a motion to dismiss cannot cure defects in the operative pleading." *Peffers v. Stop & Shop Supermarket Co. LLC*, No. 14 Civ. 3747, 2015 WL 5460203, at *5 n.5 (S.D.N.Y. June 9, 2015); *see also Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2014 WL 4793825, at *2 (E.D.N.Y. Sept. 24, 2014) ("In evaluating a motion to dismiss, the Court is constrained to consider the 'four corners' of *the operative pleading* . . . .") (emphasis added); Report at 2 ("The [Third Amended Complaint] is the operative pleading in this case."). Accordingly, Plaintiff's third objection to the Report lacks merit and is therefore overruled.

### 4. Incorporation of the Proposed Fourth Amended Complaint

In her fourth objection, Plaintiff argues that the Report "does not incorporate the attachment of Plaintiff's proposed Fourth Amended Complaint as integral to the adjudication of *Monell* Claims against defendants." Pl.'s Obj. at 6. According to Guity, her "proposed Fourth Amended Complaint which was also used as an exhibit in this matter addresses defendant's municipal liability . . . ." *Id.* Specifically, in her proposed fourth amended complaint, Plaintiff alleges that Defendants "instituted a policy that facilitated the violation of [her] First and Fourteenth Amendment rights and statutory rights by negligently disabling the District's filter and ability to filter of the Districts digital and electronic services." DE [54] at 1. Even accepting as true Plaintiff's claim that she submitted the proposed fourth amended complaint as an exhibit in opposition to Defendants' motion to dismiss the Third Amended Complaint, as discussed above, the proposed fourth amended complaint is not the operative pleading in this action, and "allegations added in opposition to a motion to dismiss cannot cure defects in the operative pleading." *Peffers*, 2015 WL 5460203, at *5 n.5; *see also Coley*, 2014 WL 4793825 at *2; Report at 2. Therefore, Plaintiff's argument that the proposed fourth amended complaint was "integral to

the adjudication of [her] *Monell* Claims" lacks merit, and her fourth objection to the Report is overruled.

### 5.   Waiver of Claims in the Proposed Fourth and Fifth Amended Complaints

Finally, Plaintiff argues that her "'new claims' and 'new legal' theories with reference to First Amendment Expression and 'class-based' conspiracy are not waived as amended in her Fourth Amended Complaint and Fifth Amended Complaint." Pl.'s Obj. at 7.  However, Plaintiff does not identify any portion of Magistrate Judge Tomlinson's Report to which she purports to object, and an objection to a Report and Recommendation "must be specific and clearly aimed at particular findings in the magistrate's proposal." *Frankel*, 2009 WL 465645, at *2.  Instead, Plaintiff appears to argue the merits of her claims as alleged in the proposed fourth and fifth amended complaints, which, as discussed above, are not the operative pleadings, and the merits of which were not considered in Magistrate Judge Tomlinson's Report.  *See* Report at 2 ("The [Third Amended Complaint] is the operative pleading in this case"); *see also Peffers*, 2015 WL 5460203, at *5 n.5.  As the Report does not address the issue of waiver of claims asserted in the proposed fourth and fifth amended complaints, but rather, considers the sufficiency of Plaintiff's claims as alleged in the Third Amended Complaint, Plaintiff's fifth objection to the Report lacks merit and is therefore overruled.

### 6.   Remainder of the Report and Recommendation

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error.  *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Tomlinson's Report for clear error, and having found none, the Court adopts Magistrate Judge Tomlinson's February 23, 2017 Report and Recommendation in its entirety.  Therefore, Defendants' motion to dismiss Plaintiff's Third

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

**B.  <u>Plaintiff's Motion to File a Fourth Amended Complaint</u>**

After Plaintiff filed her Complaint on October 1, 2015, she filed an Amended Complaint, Second Amended Complaint, and Third Amended Complaint on October 15, 2015, November 2, 2015, and November 6, 2015, respectively.  DE [5], [16], [17].  As discussed above, Plaintiff's Third Amended Complaint is the operative pleading in this action.  *See* Report at 2. After Defendants served their motion to dismiss the Third Amended Complaint on December 16, 2016, *see* DE [26], Plaintiff requested an extension of time to either oppose Defendants' motion or, in the alternative, move to further amend the Third Amended Complaint.  DE [29].  At an April 21, 2016 status conference, the Court directed Plaintiff to serve her opposition to Defendants' motion on or before June 21, 2016.  DE [37].  On June 23, 2016, the Court held that Plaintiff's motion seeking leave to file a fourth amended complaint would be held in abeyance, and that a briefing schedule would be set, if necessary, upon resolution of Defendants' motion to dismiss the Third Amended Complaint.  DE [39].  Defendants' fully briefed motion to dismiss the Third Amended Complaint was filed with the Court on July 1, 2016.  DE [37].

On July 12, 2016, while Defendants' motion to dismiss the Third Amended Complaint was pending, Plaintiff filed her motion seeking leave to file a fourth amended complaint.  DE [54].  On January 5, 2017, after the Court ordered that a briefing schedule would be set upon resolution of Defendants' motion to dismiss the Third Amended Complaint, and while Defendants' motion to dismiss the Third Amended Complaint still remained pending, Plaintiff filed a motion seeking leave to file a fifth amended complaint.  DE [68].  As Plaintiff's proposed fifth amended complaint incorporates the allegations contained in Plaintiff's proposed fourth amended complaint, the motion seeking leave to file a fourth amended complaint is moot, and is therefore denied.

### C. **Plaintiff's Motion Seeking Sanctions for Spoliation**

Finally, on August 12, 2016, Plaintiff filed a letter to "inform the Court of actual fraud and spoliation on the part of the defendants . . . ." DE [59]. According to Guity, after she filed her opposition to Defendants' motion to dismiss the Third Amended Complaint, Defendants changed "the face of its [*sic*] website, and at the advice of defendants' counsel have altered the wording of the acceptable use policy and have instituted a new electronic use policy." *Id.* at 1. Plaintiff claims that the "new electronic policy mandates that teachers 'delete electronic mail messages when they are no longer required.'" *Id.* According to Guity, "Defendants are acting in concert and/or conspiring with defendant's [*sic*] counsel to illegally dispose of any information held by teachers that may prove the allegations contained within [her] complaint have a basis in fact and truth . . . ." *Id.* at 2. Therefore, Plaintiff requests that Defense counsel "respect what is legally ethical and inform their client against the possible consequences of spoliation, and in the case of the occurrence of spoliation, whether deliberate or accidental, appropriate sanctions against defendants and defendants' counsel be administered." *Id.*

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Where a party improperly spoliates evidence, "a district court has broad discretion in fashioning an appropriate sanction . . . ." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). A party seeking sanctions for spoliation must demonstrate:

> 1) that its adversary had control of the evidence and a duty to preserve it at the time it was lost or destroyed; 2) that the adversary had a "culpable state of mind" when the evidence was lost or destroyed; and 3) that the lost or destroyed evidence was "relevant" to the moving party's claims such that a reasonable trier of fact could find that it would support a claim.

*Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 430 (S.D.N.Y. 2009); *Ramirez v. Pride Dev. & Constr. Corp.*, 244 F.R.D. 162, 164 (E.D.N.Y. 2007) ("A party seeking sanctions for spoliation has the burden of proving that the alleged spoliator had an obligation to preserve evidence, acted culpably in destroying it, and that the evidence would have been relevant to the aggrieved party's case.").

Although Plaintiff argues that Defendants' electronic use policy "mandates that teachers delete" potentially relevant emails, *see* DE [59] at 2, Guity neither identifies any relevant evidence that Defendants actually deleted nor alleges that she sought the production of any such emails during the course of discovery. *See Thurmond v. Bowman*, 199 F. Supp. 3d 686, 691-92 (W.D.N.Y. 2016) (denying the defendants' motion for sanctions where the defendants "moved for spoliation sanctions before even serving a discovery demand seeking the production" of the material in question). As Guity fails to demonstrate that Defendants destroyed evidence with a culpable mind, her motion seeking sanctions for spoliation is denied. *See Oakley v. Fed'n Emp't & Guidance Servs., Inc.*, No. 10 Civ. 7739, 2011 WL 2946133, at \*2 (S.D.N.Y. July 12, 2011) (denying the plaintiff's motion seeking sanctions for spoliation of evidence where the defendants "did not destroy any evidence with a culpable state of mind").

## III.    CONCLUSION

For the reasons set forth herein: (i) Magistrate Judge Tomlinson's February 23, 2017 Report and Recommendation is adopted in its entirety and Defendants' motion to dismiss Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted; (ii) Plaintiff's motion seeking leave to file a fourth amended complaint is denied as moot; and (iii) Plaintiff's motion seeking sanctions for spoliation is denied. Defendants shall file their opposition to Plaintiff's motion seeking leave to file a fifth amended complaint, DE [68], on or before May 1,

2017.  Plaintiff shall file her reply to Defendants' opposition on or before May 15, 2017.


Dated: Central Islip, New York                **SO ORDERED.**
       March 31, 2017

                                                  *s/ Sandra J. Feuerstein*
                                                  Sandra J. Feuerstein
                                                  United States District Judge